**IN THE UNITED STATES DISTRICT COURT**
**FOR WESTERN DISTRICT OF VIRGINIA**
**Harrisonburg Division**

| | |
|---|---|
| GREAT AMERIAN INSURANCE COMPANY<br>301 E. 4th Street<br>Floor 15<br>Cincinnati, Ohio 45202-4245<br><br>       Plaintiff,<br><br>v.<br><br>RITcon, LLC d/b/a Advanced Contents Recovery<br>274 Tyson Drive, Suite 2<br>Winchester, VA 22603-4666<br>  <u>**Serve:**</u><br>  Kendall E. Sellers,<br>  Registered Agent<br>  134 Ladysmith Drive<br>  Stephens City, VA 22655-0000<br><br>       Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. 5:23-cv-00029<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>COMPLAINT FOR DECLARATORY JUDGMENT</u>

Plaintiff, Great American Insurance Company (hereinafter "Great American"), by counsel, pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Western District of Virginia, states as follows for its Complaint for Declaratory Judgment against defendant RITcon, LLC, d/b/a Advanced Contents Recovery ("RITcon" or "Defendant").

## <u>PARTIES</u>

1.    Plaintiff Great American is a multi-line insurance carrier formed and existing under the laws of the State of Ohio, with its principal place of business located in Cincinnati, Ohio. Great American, therefore, is a citizen of the State of Ohio and is not a citizen of Virginia.

Great American submits itself to the jurisdiction of this Court.

2.      Defendant RITcon is a limited liability company organized and existing under the laws of the Commonwealth of Virginia, with its principal office located at 274 Tyson Drive, Suite 2, Winchester, Virginia, 22603-4666. Upon information and belief, the members of RITcon include Kendall Ernest Sellers, who is a citizen of Virginia.  Upon information and belief, no member of RITcon is a citizen of the State of Ohio.

## JURISDICTION AND VENUE

3.      This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4.      The venue of this action is properly predicated on 28 U.S.C. § 1391 and Rules 2(a) and 2(b) of the Local Rules of the U.S. District Court for the Western District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought in the judicial district and division in which a substantial part of the events or omissions giving rise to the claim occurred; in which the Defendant resides or does business; and/or in which the Defendant is subject to personal jurisdiction; including but not limited to the location of the Defendant's principal place of business, the location of the Defendant's registered agent, and the place where the applicable Insurance Contract was issued and delivered.

## BACKGROUND

5.      Plaintiff Great American issued a policy of Commercial Inland Marine insurance to RITcon bearing policy number IMP E503173 00 00, effective from October 2, 2019, through October 2, 2020 (the "Insurance Contract").

6.      A certified copy of the Insurance Contract is attached hereto as **Exhibit 1** and is

2

incorporated by reference.

7.      The Insurance Contract includes coverage form **CM 76 92 (06-07), Bailees'
Customers Coverage Form**, which is endorsed with Form **CM 82 87 (02-09), Virginia- Bailee
Legal Liability Coverage Endorsement**. See **Ex. 1.**

8.      Additionally, the Insurance Contract includes Form **CM 00 01 (Ed. 09 04),
Commercial Inland Marine Conditions**.  See **Ex. 1.**

9.      The Insurance Contract is subject to the following Limits of Insurance:

| | |
|---|---|
| Property at a worksite or jobsite, until the job, project or work is complete | $ 25,000 |
| Property in Transit | $ 50,000 |
| Property in Storage at Your Premises shown below: Loc 1 Bldg 1 274-3 Tyson Drive, Winchester, VA 22603 | $ 250,000 |
| All Covered Property in Any One Occurrence | $ 250,000 |

**Ex.** 1, Bailees' Customers Declarations, Form CM 76 88 (Ed. 06/07), p. 1 of 1.

## Background of Underlying Claim and Action

10.     On or about July 23, 2022, Ms. Susan Doran, who resides at 1800 Old Meadow
Road, Unit 1715, McLean, Virginia, 22101 (the "Doran Property"), filed suit (the "Doran Suit")
against RITcon to recover for alleged loss of and damage to her personal property that allegedly
occurred while that personal property was in the care, custody or control of RITcon.

11.     An accurate and complete copy of the Doran Suit is attached as **Exhibit 2** and is
incorporated by reference.

12.     The Doran Suit alleged that on or about August 11, 2019, a water loss (the "Water
Loss") occurred at the Doran Property. **Ex. 2**, ¶4.

13.     The Doran Suit alleged that Ms. Doran did not become aware of the Water Loss until November 2019, when she returned from an extended absence from her home. **Ex. 2,** ¶5.

14.     The Doran Suit alleged that, on or about December 13, 2019, Ms. Doran signed an Advance Emergency Services Agreement with RITcon to have the contents of her residence packed, cleaned and stored while remediation work was performed at her residence following the Water Loss. **Ex. 2**, ¶6.

15.     The Doran Suit alleged that RITcon did assist Ms. Doran with her personal property on or about December 16-19, 2019. **Ex. 2**, ¶7.

16.     Ms. Doran allegedly contacted RITcon on or about April 20, 2020, to have her personal property returned following the restoration of her residence. **Ex. 2**, ¶8.

17.     Ms. Doran has alleged that on April 29, 2020, Travis Thibodeau of RITcon contacted Ms. Doran by telephone to advise her that there had been a mistake and that while her household goods were marked "cleaned", they had only been partially processed. **Ex. 2**, ¶9.

18.     RITcon returned Ms. Doran's personal property to her on or after April 29, 2020, but not later than July 2020. **Ex. 2**, ¶¶9-10.

19.     On or before July 2020, Ms. Doran complained to RITcon that some of her property had been lost or was damaged. **Ex. 2**, ¶¶10-16.

20.     Ms. Doran included a list of the lost or missing property for which she sought to recover from RITcon as Exhibit 2 to the Doran Suit.  **Ex. 2**, ¶17 and Exhibit 2 to Doran Suit referenced therein.

21.     At no point during Ms. Doran's discussions with RITcon did RITcon provide notice of Ms. Doran's allegations to Great American until January 13, 2021.

22.     Ultimately, Ms. Doran hired an attorney, who issued a demand letter (the "Demand

4

Letter") to RITcon dated December 24, 2020, which sought $81,889.00 from RITcon in payment for her lost or damaged personal property.

23.     A true and complete copy of the Demand Letter and the attachment thereto, as it was presented to Great American, is attached as **Exhibit 3** and is incorporated by reference.

24.     RITcon did not provide notice of Ms. Doran's claims until January 13, 2021, when RITcon provided a copy of the Demand Letter to Great American and, for the first time, filed a claim (the "Claim").

25.     Ms. Doran's original demand in the total amount of $81,889.00 included a demand for payment of the value of her missing personal property, including but not limited to clothing, jewelry, household paper goods, and records. The inventory of damaged personal property included but was not limited to a broken 65" Samsung Smart TV, damaged kitchen appliances, improperly laundered clothing and purses, and damage to furniture.  See Demand Letter, **Ex. 3;** Doran Suit, **Ex.2**.

26.     During Great American's investigation of the Claim, RITcon advised Great American that RITcon had received no notice of any of Ms. Doran's allegations regarding missing or damaged personal property, except for the damage to one lampshade, prior to the December 24, 2020 Demand Letter.

27.     Additionally, RITcon advised Great American that the Demand Letter was RITcon's first notice of the damages leading to the Claim.

28.     Great American evaluated the items of property included in the Demand Letter and issued a coverage position letter which denied payment for certain items and declined to make payment for other property that fell within the Insurance Contract deductible of $1,000.00.

29.     A copy of Great American's coverage position letter is attached as **Exhibit 4** and

is incorporated by reference.

30.    Great American heard nothing further from RITcon regarding the Claim of Ms. Doran until February 6, 2023.

31.    On or about February 6, 2023, RITcon provided notice to Great American that Ms. Doran had filed suit against RITcon.

32.    Ms. Doran's suit had been filed on July 23, 2022.

33.    The Doran Suit was tried on January 30-31, 2023, and that judgment had been entered in Ms. Doran's favor.

34.    RITcon had hired its own counsel to defend Ms. Doran's suit: Attorney Amy Slaughter of the firm of Harrison & Johnson.

35.    Neither RITcon nor Attorney Slaughter notified Great American of Ms. Doran's original suit until February 6, 2023, after trial and entry of judgment against RITcon.

36.    The Circuit Court for Fairfax County entered judgment in the Doran Suit against RITcon in the amount of $107,066.92 in compensatory damages and $321,200.76 in punitive damages, for a total award of damages in the amount of $428,267.68, plus post-judgment interest (the "Judgment").

37.    A copy of the Court's Order, entered on February 2, 2023, is attached as **Exhibit 5** and is incorporated by reference.

38.    RITcon has tendered the Judgment to Great American.

39.    RITcon has appealed the Judgment to the Court of Appeals of Virginia (the "Appeal") and has tendered the defense of that Appeal to Great American.

## THE INSURANCE CONTRACT

40.    In relevant part, the Great American Insurance Contract is a commercial Inland

6

Marine insurance contract which provides coverage pursuant to the terms, conditions, exclusions, limitations, definitions, and other provisions of the Insurance Contract.

41.     The Insurance Contract provides the following insuring agreement between Great American and RITcon, with respect to the Commercial Inland Marine Coverage Part generally, and the Bailee's Customer Coverage Form as amended by the Bailee Legal Liability Coverage Endorsement:

### BAILEES' CUSTOMER COVRAGE FORM
### Form CM 76 92 (Ed. 06 07)

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered.

Throughout this Policy, the words "you" and "your" refer to the Named Insured shown in the Declarations. The words "we", "us" and "our" refer to the company providing this insurance.

Other words and phrases that appear in quotation marks have special meaning. Refer to **section F.**

**A.      COVERAGE**

We will pay for direct physical "loss" to Covered Property from any of the Covered Causes of Loss.

*We will pay all sums that you become legally obligated to pay because of "loss" to customers' property, due to a Covered Cause of Loss.*

1.   **Covered Property**, as used in this Coverage Form, means personal property of others that is in your care, custody or control.

2.   **Property Not Covered**

Covered Property does not include:

a.   accounts, bills, currency, data, documents, records, deeds, evidences of debt, money, notes, securities or stamps;

b.   animals, birds or fish;

c.   automobiles, motor trucks, trailers or other vehicles that are licensed for use on public roads and are used to transport persons or property;

7

     **d.**  aircraft or watercraft;

     **e.**  furs and garments trimmed with fur;

     **f.**  jewelry, watches, precious or semiprecious stones, bullion, gold, silver, platinum or other precious metals or alloys;

     **g.**  property while in the custody of other bailees unless the property is:

       (1) at a premises described in the Declarations; or

       (2) in the custody of a carrier for hire;

     **h.**  property while waterborne except while on ferries operating on the navigable waters of the Continental United States and Canada other than to or from Alaska;

     **i.**  contraband, or property in the course of illegal transportation or trade.

**3.  Covered Causes of Loss**

Covered Causes of Loss means risk of direct physical loss to Covered Property, except those causes of "loss" listed in the Exclusions.

*Covered Causes of "Loss" means your legal liability as a bailee, either as imposed by law or assumed by written contract, for direct physical "loss" to Covered Property, except those causes of "loss" listed in the Exclusions.*

*We will not pay for your liability for "loss" caused by or resulting from any causes listed in paragraph **B. Exclusions.***

…

**Exhibit 1,** Form CM 76 92 (Ed. 06 07), p. 1 of 6, as amended by Form CM 82 87 (Ed. 02/09), p.

1 of 2 (amendments are shown in italics above).

     42.    The Insurance Contract also provides a number of exclusions, including but not

limited to the following:

    **B.  EXCLUSIONS**

    …

       **2.**  We will not pay for a "loss" caused by or resulting from any of the following:

...

      **b.** Dishonest acts by:

          **(1)** you, your employees (including leased employees), partners, members, trustees, officers or authorized representatives;

          **(2)** anyone else with an interest in the property, or their employees or authorized representatives;

          **(3)** anyone else (other than a carrier for hire) to whom you entrust the property.

          This exclusion applies whether or not such persons are acting alone or in collusion with other persons or such acts occur during the hours of employment.

          This exclusion does not apply to acts of destruction by your employees (including leased employees), but theft by such employees is not covered.

      ...

      **d.** Shortage found upon taking inventory, unexplained "loss" or mysterious disappearance.

    ...

**3.** We will not pay for a "loss" caused by or resulting from any of the following. But if "loss" by a Covered Cause of Loss results, we will pay for that resulting "loss."

...

    **d.** Faulty, inadequate or defective design, specifications, workmanship, repair, materials, or maintenance of Covered Property.

**Exhibit 1,** Form CM 76 92 (Ed. 06/07), pp. 3-4 of 6.

     43.    The Insurance Contract also provides a number of conditions, including but not limited to the following specific Loss Conditions that apply under the Commercial Inland Marine Conditions:

**Loss Conditions**

...

**C. Duties In The Event Of Loss**

You must see that the following are done in the event of loss or damage to Covered Property:

...

2. Give us prompt notice of the loss or damage.  Include a description of the property involved.

3. As soon as possible, give us a description of how, when and where the loss or damage occurred.

4. Take all reasonable steps to protect the Covered Property from further damage, and keep a record of your expenses necessary to protect the Covered Property, for consideration in the settlement of the claim. This will not increase the Limit of Insurance. However, we will not pay for any subsequent loss or damage resulting from a cause of loss that is not a Covered Cause of Loss. Also, if feasible, set the damaged property aside and in the best possible order for examination.

5. You will not, except at your own cost, voluntarily make a payment, assume any obligation, or incur any expense without our consent.

6. As often as may be reasonably required, permit us to inspect the property proving the loss or damage and examine your books and records.

   Also permit us to take samples of damaged and undamaged property for inspection, testing and analysis, and permit us to make copies from your books and records.

   ...

9. Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or suit.

10. Cooperate with us in the investigation or settlement of the claim.

**Exhibit 1,** Form CM 00 01 (Ed. 09/04), pp. 1-2 of 3. Additionally, the following General Conditions also apply under the Insurance Contract:

### A. Concealment, Misrepresentation Or Fraud

This policy is void in any case of fraud, intentional concealment or misrepresentation of a material fact, by you or any other insured, at any time, concerning:

10

    1.   this Coverage Part;

    2.   the Covered Property;

    3.   your interest in the Covered Property; or

    4.   a claim under this policy.

…

**C.  Legal Action Against Us**

No one may bring a legal action against us under this insurance unless:

    **1.**   there has been full compliance with all of the terms of this Coverage Part; and

    **2.**   the action is brought within 2 two years after you first have knowledge of the direct physical loss or damage.

…

**F.  Valuation**

The value of property will be the least of the following amounts:

    **1.**   the actual cash value of that property;

    **2.**   the cost of reasonably restoring that property to its condition immeiately before loss or damage; or

    **3.**   the cost of replacing that property with substantially identical property

In the event of loss or damage, the value of property will be determined as of the time of loss or damage.

**Exhibit 1,** Form BP 00 03 07 13, pp. 25-26 and 29-30 of 56.

    44.   The Insurance Contract also includes Additional Coverages under the Virginia –

Bailee Legal Liability Coverage Endorsement, including the following:

**A.  Coverage**

    **4.  Additional Coverages**

    …

        **e.  Supplemental Payments**

        We will pay, with respect to any claim we investigate or settle, or any "suit" against you that we defend:

        **(1)** all expenses that we incur;

11

    **(2)** the cost of bonds to release attachments, however we do not have to furnish these bonds;

    **(3)** all reasonable expenses incurred by you at our request to assist us in the investigation or defense of the claim or "suit";

    **(4)** all costs taxed against you in the "suit";

    **(5)** prejudgment interest awarded against you on that part of the judgment we pay. If we make an offer to pay the applicable Limit of Insurance, we will not pay any prejudgment interest based upon that period of time after the offer.

    These payments will reduce the applicable Limits of Insurance.

**Exhibit 1,** Form CM 82 87 (Ed. 02/09), pp. 1-2 of 2.

    45.    The Insurance Contract also includes Additional Conditions under the Virginia –

Bailee Legal Liability Coverage Endorsement, including but not limited to the following:

    **E.  Additional Conditions**

    **…**

    **6.  Adjustment and Payment of Loss**

    We have the right and duty to defend a "suit" against you seeking damages.

    However, we have no duty to defend you against a "suit" seeking damages to which this insurance does not apply.

    We may, at our discretion investigate any accident or other event and settle any claim or "suit" that may result.

    But the amount we will pay for damages is limited, as described in the Limits of Insurance in the Declarations.

**Exhibit 1,** Form CM 82 87 (Ed. 02/09), pp. 1-2 of 2.

    46.    The Insurance Contract also includes Definitions, including but not limited to the

following:

    **F.  Definitions**

    **"Loss"** means accidental loss or damage.

    **…**

>**"Suit"** means a civil proceeding in which damages because of loss or damage to which this insurance applies are alleged. Also, "suit" includes:
>
>a. an arbitration proceeding in which such damages are claimed and to which you must submit or do submit with our consent;
>
>b. any other alternative dispute resolution proceeding in which such damages are claimed and to which you submit with our consent.

**Exhibit 1,** Form CM 76 92 (Ed. 06/07) p. 6 of 6, as amended by Form CM 82 87 (Ed. 02/09), p. 2 of 2.

47.    Virginia law requires the Insured to mitigate any further damage from occurring after discovery or notice of loss or damage.

48.    By enumerating certain provisions of the Insurance Contract, Great American does not waive its right to assert any terms, conditions, limitations, exclusions, definitions or any other provisions of the Insurance Contract.  Great American reserves the right to assert any other specific provisions of the Insurance Contract to the extent they become relevant.

49.    Great American files the instant Complaint for Declaratory Judgment asking this Court to declare that Great American has no duty under the Insurance Contract to defend and/or indemnify RITcon, Ms. Doran, or any other person or entity in connection with the Claim, the Doran Suit, the Judgment and/or the Appeal.

50.    An actual, immediate controversy exists between Great American and RITcon to determine the obligations of the Parties arising out of the Claim, the Doran Suit, the Judgment and/or the Appeal.

## FIRST REQUEST FOR DECLARATORY JUDGMENT
### Untimely Notice of Claim

51.    Great American restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

13

52.    The Doran Complaint has alleged that RITcon had notice of the loss or damage to property alleged in the Doran Suit as early as April 29, 2020, and not later than July 2020.  **Ex. 1**, ¶9.

53.    Ms. Doran's attorney issued the Demand Letter on December 24, 2020. **Ex. 3.**

54.    RITcon did not notify Great American of Ms. Doran's allegations or the Demand Letter until January 13, 2021 as long as nine months after the alleged damage was first known to RITcon.  **Ex. 1, ¶9** (alleging first communication with RITcon by Ms. Doran following RITcon's examination of Ms. Doran's property following storage)**.**

55.    RITcon's failure to provide prompt notice of Ms. Doran's allegations prejudiced Great American by preventing Great American to examine the allegedly damaged items before those items were removed from RITcon's storage facility, thus preventing Great American from evaluating the condition of Ms. Doran's property before it was moved or altered.

56.    The Insurance Contract requires RITcon to provide "prompt notice of the loss or damage." **Exhibit 1,** Form CM 00 01, (Ed. 09/04), Loss Conditions, ¶C.2, p. 1 of 3.

57.    Compliance with the conditions of the Insurance Contract is a condition precedent to insurance coverage under Virginia law.  Erie Ins. Exch. v. Meeks, 223 Va. 287, 290, 288 S.E.2d 454, 456 (1982).

58.    The Insurance Contract does not provide coverage for the damages asserted in the Claim, the Doran Suit, the Judgment and/or the Appeal because RITcon failed to provide "prompt notice" to Great American of the Claim when first presented by Ms. Doran after the alleged loss or damage to her property occurred, pursuant to the Duties in the Event of Loss.  **Exhibit 1,** Form CM 00 01, (Ed. 09/04), p. 1 of 3.

14

59.     RITcon has failed to comply with a condition precedent to coverage, to wit, the requirement to provide prompt notice of loss or damage, under the Insurance Contract.

60.     A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Great American may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

61.     Accordingly, Great American seeks a declaration from this Court that Great American has no duty to defend and/or indemnify RITcon or anyone else, for any damages related to the Claim, the Doran Suit, the Judgment and/or the Appeal on the grounds that RITcon breached the condition precedent that requires RITcon to provide prompt notice of loss or damage condition in the Insurance Contract.

## SECOND REQUEST FOR DECLARATORY JUDGMENT
### Untimely Notice of Suit

62.     Great American restates the preceding and following allegations of this Complaint for Declaratory Judgment as if fully set forth herein.

63.     The Insurance Contract requires RITcon to "immediately send [Great American] copies of any demands, notices, summons or legal papers received in connection with the claim or suit." **Exhibit 1,** Form CM 00 01, (Ed. 09/04), Loss Conditions, ¶C.9, p. 2 of 3.

64.     Compliance with the conditions of the Insurance Contract is a condition precedent to insurance coverage under Virginia law.  Erie Ins. Exch. v. Meeks, 223 Va. 287, 290, 288 S.E.2d 454, 456 (1982).

65.     Ms. Doran filed the Doran Suit on or about July 23, 2022. **Ex. 2.**

66.     The Doran Suit was tried on January 30-31, 2023. **Ex. 5.**

67.     Judgment was entered against RITcon on February 2, 2023. **Ex. 5.**

68.     RITcon did not provide notice to Great American of the Doran Suit until February 6, 2023 – after trial was held and judgment entered against RITcon.

69.     RITcon's failure to provide immediate – or any – notice of the Doran Suit has prejudiced Great American by preventing Great American from evaluating its rights and duties under the Insurance Contract regarding defense of suits that could give rise to liability on the part of RITcon, thus preventing Great American from participating in any way in the Doran Suit.

70.     The Insurance Contract does not provide coverage for the damages asserted in the Claim, the Doran Suit, the Judgment and/or the Appeal because RITcon failed to provide immediate notice – or any notice at all – to Great American of the Doran Suit until after the matter had been tried to Judgment and Judgment entered against RITcon.  **Exhibit 1,** Form CM 00 01, (Ed. 09/04), p. 1 of 3.

71.     A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Great American may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

72.     Accordingly, Great American seeks a declaration from this Court that Great American has no duty to defend and/or indemnify RITcon or anyone else, for any damages related to the Claim, the Doran Suit, the Judgment and/or the Appeal on the grounds that RITcon breached the condition precedent that requires RITcon to provide immediate notice of the Doran Suit.

### THIRD REQUEST FOR DECLARATORY JUDGMENT
**(In the Alternative)**
**The Insurance Contract Does Not Provide Coverage for Punitive Damage**

73.     Great American restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

74.    In the alternative, if this Court finds that Great American has any duty to defend and/or indemnify RITcon in connection with the Claim, the Doran Suit, the Judgment and/or the Appeal (which Great American Denies), then Great American seeks a declaration from this Court that the Insurance Contract does not provide coverage for Punitive Damages.

75.    It is against the public policy of Virginia for any person to purchase insurance providing coverage for punitive damages arising out of property damage. United States Fire Ins. Co. v. Aspen Bldg. Corp., 235 Va. 263, 264, 367 S.E.2d 478, 478 (1988) (holding that Va. Code §38.2-227 does not extend to awards of punitive damages in cases involving property damage); 19-128 Appleman on Insurance Law & Practice Archive § 128.47 (2nd 2011).

76.    A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Great American may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

77.    Accordingly, Great American seeks a declaration from this Court that Great American has no duty to defend and/or indemnify RITcon or anyone else in connection with the Claim the Doran Suit, the Judgment and/or the Appeal on the grounds and to the extent that the damages are comprised of punitive or exemplary damages.

### FOURTH REQUEST FOR DECLARATORY JUDGMENT
**(In the Alternative)**
**The Insurance Contract Does Not Provide Coverage**
**for Ms. Doran's Missing or Damaged Property**

78.    Great American restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

79.    In the alternative, if this Court finds that Great American has any duty to defend and/or indemnify RITcon in connection with the Claim, the Doran Suit, the Judgment and/or the

Appeal (which Great American Denies), then Great American seeks a declaration from this Court that the Insurance Contract does not provide coverage for Ms. Doran's missing or damaged property on the grounds and to the extent that such property is not "Covered Property" or is otherwise excluded from coverage under the Insurance Contract. **Ex. 1.**

80.     A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Great American may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

81.     Accordingly, Great American seeks a declaration from this Court that Great American has no duty to defend and/or indemnify RITcon or anyone else in connection with the Claim the Doran Suit, the Judgment and/or the Appeal on the grounds and to the extent that Ms. Doran's lost or damaged property is not "Covered Property" or is otherwise excluded under the provisions of the Insurance Contract.

<u>**FIFTH REQUEST FOR DECLARATORY JUDGMENT**</u>
**(In the Alternative)**
**Policy Limits**

82.     Great American restates the allegations in the preceding and following paragraphs of this Complaint for Declaratory Judgment as if fully set forth herein.

83.     In the alternative, if this Court finds that Great American has any duty to defend and/or indemnify RITcon in connection with the Claim, the Doran Suit, the Judgment and/or the Appeal (which Great American Denies), then Great American seeks a declaration from this Court that any indemnification provided by the Insurance Contract is subject to the appliable Limits of Insurance.

84.     The Insurance Contract is subject to the following Limits of Insurance:

| Property at a worksite or jobsite, until | $ 25,000 |
| --- | --- |

| | |
|---|---|
| the job, project or work is complete | |
| Property in Transit | $ 50,000 |
| Property in Storage at Your Premises shown below:<br>Loc 1 Bldg 1 274-3 Tyson Drive, Winchester, VA 22603 | $ 250,000 |
| All Covered Property in Any One Occurrence | $ 250,000 |

**Ex. 1**, Bailees' Customers Declarations, Form CM 76 88 (Ed. 06/07), p. 1 of 1.

85.    To the extent that the loss or damage to Ms. Doran's property occurred at her residence, indemnity for such damage would be limited to not more than $25,000.00 under the Insurance Contract, subject to the terms, conditions, limitations, exclusions, definitions, and other provisions of the Insurance Contract. Id.

86.    To the extent that the loss or damage to Ms. Doran's property occurred in transit, indemnity for such damage would be limited to not more than $50,000.00 under the Insurance Contract subject to the terms, conditions, limitations, exclusions, definitions, and other provisions of the Insurance Contract. Id.

87.    To the extent that the loss or damage to Ms. Doran's property occurred while in storage at RITcon's premises, indemnity for such damage would be limited to not more than $250,000.00 under the Insurance Contract subject to the terms, conditions, limitations, exclusions, definitions, and other provisions of the Insurance Contract. Id.

88.    In no event would the Insurance Contract provide more than $250,000.00 in connection with the Claim, the Doran Suit, the Judgment and/or the Appeal. Id.

89.    A controversy of a justiciable nature presently exists between the parties, which demands a declaration by the Court, so that Great American may have its rights and duties under the Insurance Contract determined and avoid the possible accrual of damages.

90.     Accordingly, Great American seeks a declaration from this Court that if Great American has any duty to indemnify RITcon or anyone else in connection with the Claim, the Doran Suit, the Judgment and/or the Appeal (which Great American denies), such indemnity is subject to the Limits of Insurance in the Insurance Contract.

## RESERVATIONS

91.      Great American reserves all of its rights under the Insurance Contract and applicable law.  By seeking a declaratory judgment based on the foregoing provisions of the Insurance Contract, Great American does not waive any potential coverage defenses pursuant to any terms, conditions, limitations, exclusions, definitions, or any other provision of the Insurance Contract, specifically including but not limited to the Appraisal Condition of the Insurance Contract.  Developments in connection with this Complaint and the Claim, the Doran Suit, the Judgment, and/or the Appeal may render additional defenses to coverage ripe for judicial determination.

92.     Great American reserves the right to amend its Complaint for Declaratory Judgment as additional and/or more specific information becomes available.

## PRAYER FOR RELIEF

WHEREFORE, Great American respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Insurance Contract, including, but not limited to, the following:

(a)     that Great American has no duty under the Insurance Contract to indemnify RITcon or anyone else for the alleged damages claimed by Ms. Doran in the Claim, the Suit, the Judgment and/or the Appeal;

(b)     That Great American has no duty to reimburse RITcon for any defense costs in

20

connection with the Doran Suit on the grounds that RITcon failed to provide immediate notice of the Suit to Great American;

(c)     that Great American has no duty to defend RITcon in the Appeal;

(d)     that, in the alternative, if this Court finds that Great American has any duty to defend and/or indemnify RITcon or anyone else in connection with the Claim, the Doran Suit, the Judgment, and/or the Appeal (which Great American denies), that the Insurance Contract does not provide coverage for any punitive or exemplary damages;

(e)     that, in the alternative, if this Court finds that Great American has any duty to defend and/or indemnify RITcon or anyone else in connection with the Claim, the Doran Suit, the Judgment, and/or the Appeal (which Great American denies), that the Insurance Contract does not provide coverage for any loss or damage to property that is not "Covered Property:"

(f)     that, in the alternative, if this Court finds that Great American has any duty to defend and/or indemnify RITcon or anyone else in connection with the Claim, the Doran Suit, the Judgment, and/or the Appeal (which Great American denies), that the Insurance Contract does not provide coverage for any loss or damage to property that is excluded by the Insurance Contract;

(g)     that Great American has no duty to defend RITcon in the Appeal; and

(h)     that this Court provide such further and supplemental relief as it deems necessary and proper, including but not limited to, an award of costs in favor of Plaintiff Great American.

Done this 15th day of May, 2023.

Respectfully submitted,

GREAT AMERICAN INSURANCE COMPANY
BY MIDKIFF, MUNCIE & ROSS, P.C.

By: /s/ Diane U. Montgomery

Diane U. Montgomery (Va. Bar No. 31850)
Robert Tayloe Ross (Va. Bar No. 29614)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, VA  23236
(804) 560-9600 (phone)
(804) 560-5997 (fax)
E-mail:  rross@midkifflaw.com
E-mail: dmontgomery@midkifflaw.com
*Counsel for Great American Insurance Company*