IN THE UNITED STATES DISTRICT COURT
FOR WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Case No. 5:23-cv-00029-EKD |
| RITcon, LLC d/b/a Advanced Contents Recovery, | ) |
| | ) |
| Defendant. | ) |
| | ) |

## MOTION FOR DEFAULT JUDGMENT

For the reasons state in the Memorandum filed herewith, Plaintiff, Great American Insurance Company ("Great American" or "Plaintiff"), by counsel, pursuant to Rule 55 of the Federal Rules of Civil Procedure, moves for judgment by default against Defendant RITcon, LLC d/b/a Advanced Contents Recovery ("RITcon" or "Defendant"), on the Complaint for Declaratory Judgment, including the Exhibits attached to that Complaint (Docs. 1 through 1-5).

1. On June 27, 2023, at the request of Great America pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk entered default against the Defendant, RITcon, LLC d/b/a Advanced Contents Recovery (Doc. 6).

2. Great American's Complaint for Declaratory Judgment (Doc. 1) seeks a declaration from this Court that Great American has no duty to defend or indemnify RITcon in the underlying action (the "Underlying Action") filed by underlying plaintiff Susan Doran ("Doran" or the "Underlying Plaintiff") against RITcon, Case No. 2021-10617, in the Circuit Court for Fairfax County, Virginia. (Doc. 1-3). Judgment was entered in the Underlying Action by Order dated February 2, 2023. (Doc. 1-6) (the "Judgment").

3.      RITcon has appealed the judgment in the Underlying Action to the Court of Appeals of Virginia (the "Appeal") and has tendered the defense of the Appeal to Great American. Great American seeks an additional Declaration that Great American has no duty to defend or indemnify RITcon in connection with the Appeal.

4.      Plaintiff Great American issued a policy of Commercial Inland Marine insurance to RITcon bearing policy number IMP E503173 00 00, effective from October 2, 2019, through October 2, 2020 (the "Insurance Contract"). (Doc. 1-2)

5.      The Insurance Contract requires RITcon to provide "prompt notice" of alleged loss or damage to Great American, and to "immediately" send Great American copies of any demands, notices, summonses or legal papers received in connection with the Claim or the Underlying Action.  (Doc. 1, Pageid##9-10; Doc. 1-2, Pageid##44-45).

6.      Defendant RITcon failed to provide notice of the Claim for as long as nine months after it first became aware of the damages alleged in the Underlying Action (Doc. 1, Pageid##13-15, ¶¶51-61). in violation of the Duties in the Event of Loss. (Doc. 1-2, Pageid#44).

7.      RITcon failed to provide <u>any</u> notice of the Complaint in the Underlying Action until after the Judgment had already been entered against RITcon (Doc. 1-6), also in violation of the Policy conditions. (Doc. 1, Pageid##15-16, ¶¶62-72; Doc. 1-2, Pageid#44).

8.      The duty of RITcon to provide timely notice of the Claim and to immediately provide notice of the Underlying Action are conditions precedent to Great American's obligation to defend or indemnity its insured, which requires "substantial compliance by the insured." <u>State Farm Fire & Casualty Co. v. Walton</u>, 244 Va. 498, 504, 423 S.E.2d 188, 192 (1992) (citing <u>Liberty Mut. Ins. Co. v. Safeco Ins. Co. of America</u>, 223 Va. 317, 323, 288 S.E.2d 469, 473 (1982) (quoting <u>State Farm Mut. Auto. Ins. Co. v. Porter</u>, 221 Va. 592, 599, 272 S.E.2d 196, 200 (1980)).

9. Great American is not required to show that it was prejudiced by the failure to provide timely notice of the Claim or the Underlying Action where that violation is "substantial and material." Walton, 244 Va. at 504, 423 S.E.2d at 192 (citing State Farm Fire & Cas. Co. v. Scott, 236 Va. 116, 120, 372 S.E.2d 383, 385 (1988).

10. RITcon's failure to provide timely notice of the Claim and immediate notice of Underlying Action violates the Duties in the Event of Loss in the Insurance Contract. (Doc. 1-2, Pageid##44-45).

11. RITcon's failure to provide immediate notice of the complaint in the Underlying Action, and in fact to delay such notice until after a judgment was entered in the Underlying Action against RITcon, is substantial and materials and, accordingly, is untimely as a matter of law.

12. Alternatively, RITcon's failure to provide notice of the Underlying Action until after a judgment was entered against RITcon has resulted in such significant prejudice that Great American is entitled to judgment.

13. Additionally, since RITcon failed to provide any notice of the Underlying Action until after judgment was entered against RITcon, Great American has no obligation to defend or indemnify RITcon in connection with the Appeal.

**WHEREFORE,** For the reasons stated in the Memorandum filed together with this Motion, Plaintiff Great American respectfully requests that this Court enter a judgment declaring the rights and obligations of the parties under the Insurance Contract, including, but not limited to, the following:

(a) that Great American has no duty under the Insurance Contract to indemnify RITcon or anyone else for the alleged damages claimed by Ms. Doran in the Claim,

3

    the Suit, the Judgment and/or the Appeal;

(b) That Great American has no duty to reimburse RITcon for any defense costs it incurred in connection with the Doran Suit on the grounds that RITcon failed to provide immediate notice of the Underlying Action to Great American, and in fact failed to provide notice of the Underlying Action until after judgment was entered against the Insured;

(c) that Great American has no duty to defend RITcon in the Appeal; and

(d) That Great American has no duty to indemnify RITcon for any damages that may be awarded following the Appeal.

    Respectfully submitted,

    GREAT AMERICAN INSURANCE COMPANY

    MIDKIFF, MUNCIE & ROSS, P.C.

    By: /s/ Diane U. Montgomery

Diane U. Montgomery (VSB No. 31850)
Robert Tayloe Ross (VSB No. 29614)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia 23236
(804) 560-9600 (phone)
(804) 560-5997 (fax)
E-mail: rross@midkifflaw.com
E-mail: dmontgomery@midkifflaw.com
*Counsel for Great American Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 31st day of July, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and I also sent a copy by First Class mail to the following party who is not registered to receive electronic notices in ECF:

> RITcon, LLC d/b/a Advanced Contents Recovery
> Kendall E. Sellers, Registered Agent
> 134 Ladysmith Drive
> Stephens City, Virginia 22655

/s/ Diane U. Montgomery
Diane U. Montgomery (VSB No. 31850)
Robert Tayloe Ross (VSB No. 29614)
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place, Suite 420
Richmond, Virginia  23236
(804) 560-9600 (phone)
(804) 560-5997 (fax)
E-mail:  rross@midkifflaw.com
E-mail: dmontgomery@midkifflaw.com
*Counsel for Great American Insurance Company*