IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | Civil Case No. 5:23-cv-00029 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| RITCON, LLC D/B/A ) | United States District Judge |
| ADVANCED CONTENTS RECOVERY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION**

Great American Insurance Company (Great American) brings this declaratory judgment action against RITcon, LLC d/b/a Advanced Contents Recovery (RITcon) seeking to clarify its obligations pursuant to the insurance contract it issued to RITcon. In December 2019, Susan Doran contracted with RITcon to clean, repair, and store her personal property following a water loss at her residence. She later claimed that RITcon had damaged and lost much of her property, and she sued RITcon in state court. RITcon sought coverage for Doran's claims under its policy with Great American. Great American, however, alleges that RITcon failed to give timely notice of Doran's claims and seeks a declaration from the court stating that it does not have to provide coverage or defend against Doran's suit. (Dkt. No. 1.)

Pending before the court is Great American's motion for default judgment. (Dkt. No. 7.) RITcon has not entered an appearance in the case and has not filed a response to either the complaint or the motion. For the reasons set forth herein, the court will grant the motion for default judgment and will enter judgment in favor of Great American and against RITcon.

## I.  BACKGROUND[1]

**A.  RITcon's Insurance Policy with Great American**

Great American is an insurance carrier formed under the laws of the State of Ohio, with its principal place of business in Ohio. (Compl. ¶ 1, Dkt. No. 1.) RITcon is a limited liability company organized under the laws of the Commonwealth of Virginia with at least one member as a citizen of Virginia; Great American asserts that no members of RITcon are citizens of the State of Ohio. (*Id.* ¶ 2.)

Great American issued a Commercial Inland Marine insurance policy to RITcon in October 2019, effective through October 2020. (*Id.* ¶ 5.) The policy covered direct physical loss to the personal property of others valued at over $1,000 in RITcon's care, custody, or control. (Policy 23–24, Dkt. No. 1-2.) The policy had a number of coverage exclusions, including a loss caused by "dishonest acts" by employees such as theft and any "shortage found upon taking inventory, unexplained 'loss' or mysterious disappearance." (*Id.* at 27.) The policy also required that, in the event of a loss, RITcon was to "give prompt notice" including a description of the property involved and a description of "how, when and where the loss or damage occurred." (*Id.* at 20.) The policy further mandated that RITcon "[i]mmediately send [Great American] copies of any demands, notices, summonses or legal papers in connection with the claim or suit." (*Id.* at 21.) The policy also noted: "We have the right and duty to defend a 'suit' against you seeking damages. However, we have no duty to defend you against a 'suit' seeking damages to which this insurance does not apply." (*Id.* at 47.)

---

[1] A defendant in default concedes the factual allegations of the complaint. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001).

## B. Doran's Losses

On July 23, 2022, Susan Doran filed suit against RITcon in state court to recover for the alleged loss of and damage to her personal property that purportedly occurred while her property was in the care, custody, or control of RITcon. (*See* State Compl., Dkt. No. 1-3.) The suit alleges that in August 2019, a water loss occurred at Doran's residence in McLean, Virginia, which Doran did not discover until November 2019 when she returned home from an extended absence and found her residence "covered in mold." (*Id.* ¶ 4–5.) The next month, Doran signed an Advance Emergency Services Agreement with RITcon to have the contents of her residence cleaned, packed, and stored while remediation work was performed at her residence following the water loss. (*Id.* ¶ 6.)

In April 2020, Doran contacted RITcon to have her personal property returned to her following the restoration of her residence. (*Id.* ¶ 8.) A representative from RITcon informed Doran that "there had been a mistake" and that, while her personal property was marked "cleaned," the property had only been partially processed. (*Id.* ¶ 9.) RITcon ultimately returned most of Doran's property between April and July 2020. (*Id.* ¶ 10.) During this period, Doran began complaining to RITcon that some of her property had been lost or damaged, and she provided RITcon with an extensive list of the missing or damaged property, including clothing, jewelry, household appliances, electronics, and furniture. (Compl. ¶¶ 19–20.) On December 24, 2020, Doran issued a demand letter to RITcon seeking $81,889 for her lost and damaged property. (*See* Dkt. No. 1-3.) RITcon provided a copy of the demand letter to Great American on January 13, 2021, and filed an insurance claim. (Compl. ¶ 24.) RITcon represented to Great American that the demand letter was the first notice of Doran's allegations regarding her missing

and damaged property other than a report of one damaged lampshade earlier in the year. (Compl. ¶ 26.)

On April 20, 2021, Great American denied coverage for the items listed in Doran's demand letter, finding that much of the damage to Doran's items occurred during the initial water loss and not while in the custody or control of RITcon or that the items fell under the policy's $1,000 deductible. (*Id.* ¶ 28; *see* Denial Letter, Dkt. No. 1-5.) This was the final interaction between Great American and RITcon regarding Doran's claims until February 2023. (Compl. ¶ 30.)

C.  **Doran's State Court Suit Against RITcon**

As noted, Doran's state-court suit was filed suit against RITcon on July 23, 2022, and the case was tried in January 2023. (*Id.* ¶¶ 32–33.) RITcon retained an attorney and defended the suit. (*Id.* ¶ 34.) The court entered judgment against RITcon on February 2, 2023, in the amount of $107,066.92 in compensatory damages and $321,200.76 in punitive damages, for a total award of damages in the amount of $428,267.68, plus post-judgment interest. (State Court Final Order 1–2, Dkt. No. 1-6.) RITcon provided notice of the judgment to Great American on February 6, 2023, the first Great American heard of Doran's suit. (Compl. ¶ 30.) RITcon is now appealing the judgment to the Court of Appeals of Virginia and has tendered the defense of the appeal to Great American. (*Id.* ¶ 39.)

D.  **Great American's complaint against RITcon**

On May 15, 2023, Great American filed a complaint against RITcon asking the court to declare that it has no duty under the insurance policy to defend or indemnify RITcon in any claims or legal matters regarding Doran's personal property. (*See generally* Compl.) RITcon was served with Great American's complaint on June 6, 2023, but it has failed to appear or

respond to the complaint.  (*See* Dkt. No. 4.)  The Clerk entered default against RITcon on June 27, 2023.  (Dkt. No. 6.)  Great American now seeks default judgment against RITcon.  (Dkt. No. 7.)

## II.  DISCUSSION

### A.  Default Judgment Standard

Rule 55(a) allows entry of default by the clerk, which has already occurred here, and Rule 55(b) governs requests for default judgment.  The court may grant a default judgment against a defendant who has been properly served and "fails 'to plead or otherwise defend' in accordance with the rules."  *United States v. Moradi*, 673 F.2d 725, 727 (4th Cir. 1982); Fed. R. Civ. P. 55(b)(2).  While the Federal Rules of Civil Procedure encourage disposition of claims on their merits, it is within the trial court's discretion to enter default judgment.  *Moradi*, 673 F.2d at 727 (citing *Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir. 1974)).  A party that requests default judgment must show the following: "(1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in the military; and (5) that notice has been served on the defaulting party, if required by Rule 55(b)(2)."  *All Am. Ins. Co. v. Morris*, No. 4:11-cv-41, 2011 WL 5330302, at *1 (E.D. Va. Nov. 4, 2011).

As to these five requirements, Great American has shown that default was entered against RITcon on June 27, 2023, and it identified the pleading to which default was entered—Great American's complaint for declaratory judgment.  RITcon is a limited liability company and thus is not an infant, incompetent person, or in military service.  Because RITcon has not appeared, Rule 55(b)(2) does not require Great American to serve notice of the motion for default judgment.

In determining whether to grant default judgment, the court treats the well-pleaded factual allegations in the complaint as true and established. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001) (citations omitted). The court is obliged, though, to "consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 2688 (3d ed. Supp. 2010); *Ryan*, 253 F.3d at 780. Moreover, entry of default does not itself establish liability. *See Ohio Cent. R.R. Co. v. Cent. Tr. Co.,* 133 U.S. 83, 91 (1890). The appropriate inquiry for the court is whether "the face of the pleadings supports the default judgment and the causes of action therein." *JTH Tax, Inc. v. Grabert*, 8 F. Supp. 3d 731, 736 (E.D. Va. 2014) (citing *Anderson v. Found. for Advancement, Educ. & Emp't of Am. Indians,* No. 99-1508, 1999 WL 598860, at *1 (4th Cir. Aug. 10, 1999)). For the reasons stated below, the court finds that Great American's pleadings support default judgment and that Great American is entitled to the relief it seeks.

B. The Allegations of the Complaint Support Default Judgment.

    1. **Declaratory judgment standard**

Under the Declaratory Judgment Act, a district court, in "a case of actual controversy within its jurisdiction . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). The statute is meant "to afford a speedy and inexpensive method of adjudicating legal disputes . . . and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships." *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937). As courts have uniformly recognized, "[t]his power has consistently been considered discretionary." *Centennial Life Ins.*

*Co. v. Poston*, 88 F.3d 255, 256 (4th Cir. 1996) (citations omitted).  The Fourth Circuit has provided guidance on the exercise of this discretionary power, commenting that a declaratory judgment action is appropriate "when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Id.*

Here, Great American seeks declaratory judgment to determine the obligations of the parties under the insurance policy as it relates to Doran's underlying suit and RITcon's appeal. The court finds that declaratory judgment here would "serve a useful purpose in clarifying and settling" whether Great American has a duty to defend or indemnify RITcon for any matters involving Doran's claims and will now turn to the merits of Great American's claims.  *Id.*

2.  **Great American's arguments for declaratory judgment**

Great American's request for declaratory judgment contends that RITcon's notice regarding Doran's allegations of loss and damage of her personal property and her subsequent suit against RITcon were untimely under the insurance policy.  (Compl. ¶ 49.)  The Supreme Court of Virginia has held that "an insurance policy provision requiring timely notice of an accident or occurrence is a reasonable contract provision." *Munchenbach v. Nationwide Mut. Fire Ins. Co.*, 72 Va. Cir. 485, 490 (Va. Cir. Ct. 2007) (quoting *State Farm v. Porter*, 272 S.E.2d 196 (Va. 1980)).  A notice requirement is a condition precedent to liability coverage by the insurer and requires substantial compliance. *Liberty Mut. Ins. Co. v. Safeco Ins. Co. of Am.*, 288 S.E.2d 469, 472 (Va. 1982) (citing *Porter*, 272 S.E.2d at 196).  While Virginia courts have not established a specific notice period, they generally have held that notice provided more than a few months after the potential loss is untimely by law.  *See e.g.*, *Atlas Ins. Co. v. Chapman*, 888 F. Supp. 742, 747 (E.D. Va. 1995) ("[W]e hold as a matter of law, that the 126-day delay in

7

complying with the notice provisions in the policy, without any justification, constitutes a substantial and material violation of the insurer's notice requirement"); *Lord v. State Farm Mut. Auto. Ins. Co.*, 295 S.E.2d 796, 799–800 (Va. 1982) (holding that a 173-day delay constituted a breach of the notice conditions).

### a. Great American's first basis for declaratory judgment

The policy here required RITcon to provide "prompt notice" of a potentially covered loss. (Policy 20.) RITcon advised Doran in April 2020 of a "mistake" concerning her property, Doran began complaining about the loss of and damage to her property sometime between April and July 2020, and she sent the demand letter to RITcon on December 24, 2020. (State Compl. ¶¶ 19–20.) RITcon did not provide notice of Doran's complaints to Great American until January 13, 2021.[2] RITcon did not give notice until *at least* six months from when RITcon first received notice of Doran's claimed losses (using July 2020), and possibly as long as nine months after acknowledging its own mistake to Doran (using April 2020). (Compl. ¶ 24.) Moreover, because RITcon has failed to respond in this case, it has failed to offer any justification for its delay.

Virginia courts considering similar notice provisions in insurance policies interpret them as requiring that the insured "act within a reasonable time, considering all of the circumstances." *See N. River Ins. Co. v. Gourdine*, 135 S.E.2d 120, 124 (Va. 1964) (interpreting requirement to give notice "as soon as practicable"). When determining the reasonableness of an insurer's notice, the Supreme Court of Virginia "follows an objective standard, requiring that an insurer be notified whenever it should reasonably appear to the insured that the policy may be implicated."

---

[2] Under Virginia law, RITcon's obligation to give notice was triggered by the initial complaints and not the demand letter. *Nationwide Prop. & Casualty Ins. Co. v. Hutcheson*, No. 2:20CV543, 2021 WL 5412274, at *4 (E.D. Va. Oct. 15, 2021), *appeal dismissed*, No. 21-2288, 2021 WL 8444873 (4th Cir. Nov. 30, 2021) (citing *Farm Fire & Cas. Co. v. Walton*, 423 S.E.2d 188, 192 (Va. 1992)). As discussed herein, a reasonable insured would have believed the policy might be implicated after receiving Doran's complaints.

*Penn-America Ins. Co. v. Mapp*, 461 F. Supp. 2d 442, 453 (E.D. Va. 2006) (citing *Dan River Inc. v. Com. Union Ins. Co.*, 317 S.E.2d 485, 487 (Va. 1984)). Specifically, "an 'occurrence' giving rise to the obligation to notify . . . mean[s] an 'incident which was sufficiently serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages covered by the policy.'" *Id.* (quoting *State Farm Fire & Cas. Co. v. Walton*, 423 S.E.2d 188, 191 (Va. 1992)).

The question before the court, therefore, is whether RITcon breached the contract by failing to comply with the notice requirement. As another court faced with the same basic issue noted, there is much published caselaw on this topic, but that authority, "at first blush, seems to suffer from a lack of uniformity." *Nationwide Mut. Fire Ins. Co. v. Overstreet*, 568 F. Supp. 2d 638, 644 (E.D. Va. 2008). In *Overstreet*, the court sought to "harmonize" that caselaw to reveal what it called "six consistent principles." *Id.* Many of those principles are applicable only where the court is faced with a summary judgment motion and determining whether to allow the factfinder to decide whether the notice was given in a reasonable time. *See id.* at 644–47 (discussing principles). Regardless of the procedural posture of the case, though, one of the things courts look to is whether the insured has given any justification for the failure to give notice or whether there were extenuating circumstances. *Id.* at 645.

Where, as here, no justification or extenuating circumstances exist, then there are two possible results. In the case of a "short delay," whether the insured's delay violates a notice provision ordinarily should go to the factfinder. *See id.* at 646 (discussing *Safeco Ins. Co.*, 288 S.E.2d at 473). In *Safeco Ins. Co.*, for example, the Supreme Court of Virginia affirmed the trial court's ruling that a 51-day delay was not reasonable and was a breach of the policy, though the trial court ruled *after* a bench trial, not as a matter of law. 288 S.E.2d at 472.

9

For longer delays in cases where the insured has not offered any justification for its delay, a number of courts have held that delays similar to or even shorter than the one here, which was somewhere between six and nine months, are unreasonable as a matter of law. *E.g.*, *Nationwide Gen. Ins. Co. v. Staples*, 626 F. Supp. 3d 899, 908 (E.D. Va. 2022) (holding as a matter of law that a 238-day delay (about eight months) was unreasonable as a matter of law); *Nationwide Mut. Ins. Co. v. Sandbridge Props., Inc.*, No. 2:12cv263, 2013 WL 109490, at *3 (E.D. Va. Jan. 17, 2013) (same as to about four months); *Chapman*, 888 F. Supp at 746 (same as to 126 days, or about 4 months).

As the *Overstreet* court noted, the specific analysis to be employed in determining whether a breach has occurred is not consistent across cases and is presented in several different tests.[3]  568 F. Supp. 2d at 644.  But it is clear that in order to relieve Great American of any duty to provide coverage for Doran's claims, the court must at least find that RITcon's failure to notify was "material and substantial." *Mapp*, 461 F. Supp. 2d at 452 (E.D. Va. 2006) ("In order for untimely notification to constitute a breach of the policy, such that the insurer no longer bears the duty to defend the insured, the failure to notify must be substantial and material.") (citing *State Farm Mut. Auto. Ins. Co. v. Porter*, 272 S.E.2d 196, 199 (Va. 1980)).  In turn, three factors bear upon the materiality of such a breach: (1) the reasonableness of the delayed notice, (2) the amount of prejudice suffered by the insurer as a result of the delay, and (3) the length of time that elapsed before notice was given.  *Id.* (citing *Gourdine*, 135 S.E.2d at 124).  There is scant law as to what makes a failure of notice "substantial," except the length of time before notice was given.

---

[3] The briefing offers little assistance as to the proper analysis the court should employ.  There is no response by RITcon, and Great American's supporting memorandum cites only to general law in its discussion of notice as to the underlying claim.  (Mem. Supp. Mot. for Default J. 8–9, Dkt. No. 8.)  Great American provides more discussion and analysis of its second ground for relief.  (*Id.* at 9–12.)

Regardless of the precise analysis the court employs, the primary factors discussed in the caselaw are whether the breach was material and substantial and whether the insurer was prejudiced. After considering those factors, the court concludes that the delay here was unreasonable as a matter of law and that RITcon therefore breached the policy, as discussed below.

First, the court notes the length of the delay. It is established, by default, that "[o]n or before July 2020, Ms. Doran complained to RITcon that some of her property had been lost or was damaged." (Compl. ¶ 19.) The court finds that such a complaint would have been "sufficiently serious to lead a person of ordinary intelligence and prudence to believe that it might give rise to a claim for damages covered" by RITcon's policy with Great American. *Mapp*, 461 F. Supp. 2d at 453. Indeed, a major purpose of the policy was to cover physical losses of others' property in RITcon's care, custody, or control. (*See* Policy 23–24.) RITcon should have known that Doran's loss of property while in RITcon's care would have implicated the policy and provided prompt notice of Doran's claims to Great American. It instead waited until after receiving a demand letter from Doran to contact Great American. The court therefore finds that RITcon's delay in providing notice to Great American was not reasonable.

Further, and as noted above, the delay of at least six months was far from the "prompt notice" the policy required and beyond even what Virginia courts have previously deemed as untimely as a matter of law. *See, e.g.*, *Chapman*, 888 F. Supp. at 747 (126 days); *Lord*, 295 S.E.2d at 799–800 (173 days). Here, the court finds that Great American was prejudiced by the unreasonable delay.[4] As stated in the complaint, "RITcon's failure to provide prompt notice . . .

---

[4] A finding of "prejudice is not required where reasonable minds cannot differ about the reasonableness" of the notice provided. *Hutcheson*, 2021 WL 5412274, at *10. Since this court has found that the delay in notice was unreasonable and untimely as a matter of law, Great American likely is not required to show prejudice. Nonetheless, as prejudice is part of the materiality test, the court addresses it.

11

prejudiced Great American" by preventing Great American from "examin[ing] the allegedly damaged items before those items were removed from RITcon's storage facility, thus preventing Great American from evaluating the condition of [the] property before it was moved or altered." (Compl. ¶ 55.)

For all of these reasons, the court finds that RITcon's delay in notifying Great American about Doran's initial complaints of loss of and damage to her property was unreasonable and was a substantial and material breach of the policy that prejudiced Great American. Great American, therefore, has no duty to provide coverage for any claims regarding Doran's losses.

### b. *Great American's second basis for declaratory judgment*

RITcon committed a further breach of the policy's notice requirements when it failed to inform Great American of Doran's lawsuit until after judgment was entered. The insurance policy required RITcon to "immediately send [Great American] copies of any demands, notices, summons or legal papers received in connection with the claim or suit." (Policy 21.) Doran filed suit against RITcon in July 2022, yet RITcon did not provide notice of the suit to Great American until *February 2023* after judgment had already been entered, which was a substantial breach of the policy conditions. (Compl. ¶ 30.) As explained above, adherence to an insurance policy's notice requirements is a "condition precedent to liability coverage by the insurer and requires substantial compliance." *Liberty Mut. Ins. Co.*, 288 S.E.2d at 472. By failing to provide notice within the bounds of the insurance policy's requirements, RITcon has failed to comply with the condition precedent to invoking Great American's coverage of Doran's missing and damaged property. Great American is thus relieved of its obligation to provide coverage. *See, e.g., Porter*, 272 S.E.2d at 200 (insurer was justified in denying coverage because insured failed to fulfill condition precedent to coverage).

*c. Great American does not have a duty to defend.*

RITcon breached the policy when it failed to provide timely notice to Great American about Doran's losses and subsequent suit; therefore, Doran's lost and damaged personal property is not a covered loss under the policy's terms. Furthermore, the policy reads, "We [(Great American)] have the right and duty to defend a 'suit' against you seeking damages. However, we have no duty to defend you against a 'suit' seeking damages to which this insurance does not apply." (Policy 47.) Accordingly, the court will declare that Great American has no duty to defend or indemnify[5] RITcon in the appeal of Doran's lawsuit nor in any other matters involving Doran's personal property.[6] The court further finds that Great American has satisfied the default judgment standard by presenting facts that constitute legitimate causes of action, and that default judgment against RITcon is proper.

### III.  CONCLUSION

For the foregoing reasons, the court will grant Great American's motion for default judgment against RITcon and enter a declaratory judgment as Great American requested. An appropriate order will be entered.

Entered: December 18, 2023.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge

---

[5] Under Virginia law, the duty to defend is broader than the duty to indemnify. *Progressive Am. Ins. Co. v. Jireh House, Inc.*, 608 F. Supp. 3d 369, 376 (E.D. Va. 2022). Nonetheless, where there is no possibility of coverage, there is no duty to defend. *See Mount Vernon Fire Ins. Co. v. Adamson*, No. 3:09CV817, 2010 WL 3937336, at *3 (E.D. Va. Sept. 15, 2010), *report and recommendation adopted*, 2010 WL 3937335 (E.D. Va. Oct. 6, 2010).

[6] Since Great American has sufficiently established that it is entitled to declaratory judgment on its First and Second Requests, the court need not address its alternative Third, Fourth, and Fifth Requests.